UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BALLON STOLL P.C.,                                    Civil Action No.: _____

                            Plaintiff,               **COMPLAINT**

            -against-

AVRAHAM "AVI" Z. CUTLER; CUTLER, GORDON
AND WARGA, PLLC; DAVID S. CUTLER; DAVID S.
CUTLER, CPA, P.C.; and
JOHN DOES 1 - 10, and JANE DOES 1 – 10,

                            Defendants.
------------------------------------------------------------------X

      Ballon Stoll P.C., ("Ballon Stoll" or "Plaintiff"), by its attorneys, Sarmasti PLLC, and as

and for its Complaint against Avraham "Avi" Z. Cutler, Cutler, Gordon and Warga PLLC, David

S. Cutler, and David S. Cutler, CPA, P.C. (collectively, "Defendants"), upon information and

belief, alleges as follows:

## THE PARTIES

      1.     Plaintiff Ballon Stoll, P.C. ("Ballon Stoll"), is a New York professional service

corporation with principal place of business at 810 Seventh Avenue, Suite 405, New York, NY

10019.

      2.     Defendant Avraham "Avi" Z. Cutler ("Avi") is an individual residing in Nevada.

      3.     Defendant Cutler, Gordon and Warga, PLLC, also operating under the names CGW

Law, PLLC, and Cutler, Gordon and Warga ("CGW Law"), is a newly created Arizona

professional limited liability company, with its principal place of business at 5995 E Grant Rd.,

Suite. 200, Tucson, Arizona 85712.

      4.     CGW Law's members/owners are not residents of New York.

      5.     Defendant David S. Cutler ("David") is an individual residing in Arizona.

6.      Defendant David S. Cutler, CPA, P.C. ("Cutler Firm" or "Cutler CPA Firm") is an Arizona professional service corporation, with its principal place of business at 5995 E Grant Rd., Suite. 200, Tucson, Arizona 85712.

7.      John Does 1 – 10 and Jane Does 1 – 10 are fictious names of individuals who committed and/or assisted the Defendants in committing the acts that have or will result in Ballon Stoll's causes of action in this matter.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000 and involves citizens of different states.

9.      Venue in this District is proper under 28 U.S.C § 1391 because a substantial part of the events and omissions complained of herein took place in this District and Ballon Stoll maintains offices, transacts business, and is otherwise found in this District.

## FACTUAL ALLEGATIONS

10.      Ballon Stoll is a law firm with a principal place of business and offices located in New York, New York.

11.      In or about April 2021, Ballon Stoll became the successor firm to Ballon Stoll Bader & Nadler, P.C. ("BSBN").

12.      At all relevant times, Ballon Stoll has had four equity shareholders: Vano Haroutunian, Esq. ("Vano"), Marshall Bellovin, Esq. ("Marshall"), Mark Stillman, Esq. ("Mark"), and Avi.  Vano, Marshall and Mark are New York residents.

13.      At all relevant times, each of the shareholders held the following percentages of shares in Ballon Stoll: Vano 52.5%, Avi 30%, Marshall 10%, and Mark 7.5%.

14.     In addition to being shareholders, Vano is the managing shareholder and serves as the Chief Financial Officer ("CFO") of Ballon Stoll, and Marshall serves as the Chief Operating Officer ("COO") of Ballon Stoll.

15.     Defendant David is Avi's uncle.

16.     David is a certified public accountant (CPA) and the owner of defendant Cutler CPA Firm.

17.     Starting in or about 2012, Vano worked with Avi, David and the Cutler Firm to develop a new book of business for Ballon Stoll based on clients in Nevada, Arizona and the Western States generally.  As part of Vano's and Avi's efforts to develop that business, David and the Cutler Firm began referring various individuals and entities who were their accounting clients and/or acquaintances to BSBN for legal representation and legal services.

18.     The client referrals from David and the Cutler Firm ("Cutler Referrals") continued after Ballon Stoll succeeded BSBN.  Between 2012 and the beginning of 2022, Ballon Stoll's book of business in the Western States grew from less than $100,000 in revenue per year to over $1.5 Million in 2021.

19.     Avi acted as the lead or client relationship attorney on most of Cutler Referrals to Ballon Stoll.

20.     Furthermore, at all relevant times, Avi had the responsibility of preparing, finalizing, submitting invoices to, and collecting fees from, Ballon Stoll's clients that Avi managed including the Cutler Referrals.

21.     Starting in approximately March 2022, Avi stopped reporting his client billable time/hours to Ballon Stoll.

22.     Starting at or around the same time, Avi further directed or allowed the associate attorneys who worked on Cutler Referrals' matters, and whom Avi managed, to stop reporting the billable time/hours to Ballon Stoll.

23.     During the months that followed, Avi's failure to report his billable hours to Ballon Stoll on client matters and the associate attorneys' billable hours on Cutler Referrals, continued.

24.     Initially, Avi claimed to have not had time to submit his and the associates' billable hours to Ballon Stoll, but that he would do so at his first opportunity.

25.     Avi's failure to report his billable hours continued notwithstanding his assurances and Ballon Stoll's recruiting of administrative assistants solely for the purpose of aiding Avi in entering and submitting his billable hours to Ballon Stoll.

26.     In or around September or October 2022, Vano and Marshall confronted Avi about Avi's lack of disclosure and failure to report his billable hours to Ballon Stoll and the associate attorneys' lack of reporting of billable hours for work performed on Cutler Referral clients' matters.

27.     Vano and Marshall further expressed concerns about the substantial amount of time Ballon Stoll had spent and the substantial expenses Ballon Stoll had incurred relating to the Cutler Referral matters for which Avi was not submitting his time and for which he had not prepared Ballon Stoll invoices for over six (6) months.

28.     Concerned about Avi's actions, Vano and Marshall continued insisting that Avi must submit his and the associates' billable hours and details to Ballon Stoll, but Avi's failure or refusal to disclose billable hours and to invoice Cutler Referral clients continued.

29.     After coming up with numerous excuses in response to Vano and Marshall's concerns and insistence, in late October 2022, Avi disclosed to Vano, Marshall and Mark that

defendant David (owner of the Cutler Firm and Avi's uncle) had been pressuring him for months to leave Ballon Stoll and start his own firm, and that David and the Cutler Firm wanted to help Avi redirect fees that were supposed to be paid to Ballon Stoll for the work it had performed on the Cutler Referral clients directly to Avi.

30.     At the same time, Avi disclosed that he intended to work with his uncle, David, and the Cutler Firm, and that he intended to have the fees received from the Cutler Referral clients be forwarded and paid directly to him instead of Ballon Stoll.

31.     Ballon Stoll and its other shareholders strenuously objected, but Avi responded with various excuses which, according to Avi, justified his, David's and the Cutler Firm's intentions of redirecting Ballon Stoll's revenues and receivables to Avi personally.  The excuses were without any basis in fact or law.

32.     Ballon Stoll's shareholders demanded that Avi refrain from redirecting the firm's receivables and revenues directly to himself pointing out, among other concerns, that Avi's continued non-billing of the firm's work for the past seven months, as well as what was by then a clear pattern of not collecting the firm's previously billed invoices, were jeopardizing the firm's financial health including its ability to pay its employees, payroll taxes and other financial obligations.

33.     Ignoring the demands, on November 8, 2022, Avi sent an email to Vano, Marshall and Mark stating that he is resigning from Ballon Stoll with his last day being December 22, 2022. Avi further stated that he intended to open his own law firm.

34.     Approximately ten days later Vano, Marshall and Mark learned that Avi, David and the Cutler Firm had redirected approximately $150,000 in fees for work which was performed by

Ballon Stoll from one of the dozens of Cutler Referral clients and divided it between Avi, David and the Cutler Firm.

35.     On November 22, 2022, in an email to Vano, Marshall, and Mark, Avi confirmed that he was "…going to take the step [he] proposed" and keep "…two payments $95,363 … [from one client's] funds received from David Cutler and $300 from [another client]."

36.     Plaintiff has now learned that in or around late November 2022, Avi had established defendant CGW Law with two of Ballon Stoll's associate attorneys but withheld this information from Ballon Stoll.

37.     Ballon Stoll has also learned that David and the Cutler Firm received approximately $150,000 from a Cutler Referral client for work performed by Ballon Stoll, paid $95,363 to Avi and/or CGW Law, and retained the rest.

38.     Plaintiff also recently learned from Ballon Stoll's former associate attorneys, Moshe Warga, Esq., and Chaim Gordon, Esq., that Avi had arranged for the associates to work for the benefit of CGW Law months earlier than the November formation of the new firm even though and while they were on Ballon Stoll's payroll and were being paid salaries and benefits from Ballon Stoll.

39.     Without disclosing the creation of CGW Law, on December 1, 2022, Avi sent an email to Vano, Marshall and Mark, stating that henceforth he would be "…instructing all clients to pay their money into a separate account…" over which Avi had control and is not a Ballon Stoll bank account.

40.     Currently there is an estimated $1.5 Million in fees that are due and outstanding to Ballon Stoll for work Ballon Stoll performed in 2022 for the Cutler Referral clients.

41.     Avi and CGW Law with assistance from David and the Cutler Firm, intend to redirect the fees that are to be paid to Ballon Stoll for its legal services, to themselves through David and the Cutler Firm's influence on the Cutler Referral clients as their accountants and/or financial managers.

42.     Defendants do not have a right to receive the fees that are required to be paid to Ballon Stoll for services that Ballon Stoll and its employees have provided to the Cutler Referral clients.

43.     Defendants have unlawfully received and are unlawfully continuing to redirect, with David and the Cutler Firm's assistance, revenues belonging to Ballon Stoll.

44.     Defendants are unlawfully redirecting and dividing between them monies that are due to Ballon Stoll for services provided by Ballon Stoll and its employees.

45.     The monies which Defendants are and intend to redirect to themselves are rightfully due to Ballon Stoll and not to any one or more of the Defendants.

### FIRST CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
### AS AGAINST DEFENDANT AVRAHAM "AVI" Z. CUTLER

46.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

47.     As a shareholder of Ballon Stoll, Avi owed Plaintiff a fiduciary duty of trust, loyalty, and confidence that he would act in the best interests of Ballon Stoll and its remaining shareholders during his tenure.

48.     At all relevant times, by reason of his position at Ballon Stoll, Avi's fiduciary duty required him to exercise care, diligence, good faith, and candor in the administration of Ballon Stoll's affairs, including preservation of Ballon Stoll's assets.

49.     Avi breached his fiduciary duty owed to Plaintiff, and continues to breach such fiduciary duty, by taking funds rightfully belonging to Ballon Stoll and misappropriating and diverting such funds for his own personal and/or other Defendants' benefit and pecuniary gain.

50.     By maintaining and exercising control over Ballon Stoll's funds, Avi used, and continues to use, his position to divert and misappropriate those funds without regard to the inherent fairness which has prejudiced and harmed, and continues to prejudice and harm, Ballon Stoll.

51.     Avi's fiduciary duty to Ballon Stoll requires and/or required him to properly supervise, manage and control the business operations and internal matters of Ballon Stoll, including: reporting his billable time/hours on client matters (including Cutler Referral clients) to Ballon Stoll; properly managing the work of associate attorneys on client matters (including Cutler Referral clients' matters); and ensuring associate attorneys report and submit their billable time/hours on such client matters to Ballon Stoll.

52.     By his actions and engaging in wrongdoing as alleged herein, Avi abandoned and abdicated his responsibilities and duties to prudently manage and supervise the affairs of Ballon Stoll in a matter consistent with the duties imposed upon him by law.

53.     Over the course of eight (8) months, Avi repeatedly failed to submit his billing to Ballon Stoll for worked performed for Ballon Stoll's clients, including the Cutler Referral clients.

54.     Avi's repeated failure to enter and submit billing over the course of eight (8) months deprived Ballon Stoll of substantial revenues owed to it.

55.     In addition, at all relevant times, Avi failed to properly manage, oversee and direct the work of associate attorneys at Ballon Stoll, including ensuring the associate attorneys entered and submitted their time for work performed on such Ballon Stoll clients.

56.     Avi's repeated failure to properly manage, oversee and direct the work of associate attorneys, and Avi's redirection and taking of moneys due and belonging to Ballon Stoll has and continues to further deprive Ballon Stoll of substantial revenues owed to it.

57.     By committing the intentional misconduct alleged herein, and because of his failure to faithfully discharge his duties in the management and disposition of corporate assets under his control, Avi breached his duty of care, diligence and candor in the management and administration of Ballon Stoll's affairs and in the use and preservation of Ballon Stoll's assets.

58.     At all relevant times, Avi was aware of his actions and the losses associated with his misconduct. Nevertheless, Avi continued to cause damage to Ballon Stoll, and unlawfully took Ballon Stoll's assets, thereby breaching his fiduciary duties to Ballon Stoll through the acquisition and theft of Ballon Stoll's assets resulting in loss and waste.

59.     As a direct result of Avi's breaches of fiduciary duty, Plaintiff has been damaged in an amount to be determined at trial but believed to be no less than $1,500,000.00.

WHEREFORE, Ballon Stoll respectfully demands judgment in its favor, against Avi, for compensatory and consequential damages in an amount that is no less than $1,500,000.00, punitive damages, pre-judgment and post-judgment interest, attorney's fees and costs, and for such other further relief that is just and equitable.

### SECOND CAUSE OF ACTION
### CONVERSION
### AS AGAINST ALL DEFENDANTS

60.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

61.     Ballon Stoll has an immediate and superior right of possession and claim to legal ownership over the funds taken by Defendants which are due to Ballon Stoll for its legal services.

62.     As stated herein, Defendants have wrongfully withheld and diverted funds due and belonging to Ballon Stoll for its legal services.

63.     Defendants' misappropriation and diversion of funds owed and belonging to Ballon Stoll, has benefited Defendants at the expense of Ballon Stoll and has deprived Ballon Stoll of rightful economic benefits.

64.     Defendants have transferred Ballon Stoll's funds to themselves and thus, have converted said funds which rightfully belong to Ballon Stoll, and have exercised unauthorized dominion and control over those funds to the exclusion of Ballon Stoll's rights.

65.     As a direct and/or proximate cause of such conversion, Ballon Stoll has suffered, and will continue to suffer, damages for which Defendants are liable.

66.     As a result of Defendants' actions, Ballon Stoll has been damaged in an amount to be determined at trial but believed to be no less than $1,500,000.00.

WHEREFORE, Ballon Stoll respectfully demands judgment in its favor, against the Defendants, jointly and severally, for compensatory and consequential damages in an amount that is no less than $1,500,000.00, punitive damages, pre-judgment and post-judgment interest, attorney's fees and costs, and for such other further relief that is just and equitable.

**THIRD CAUSE OF ACTION**
**UNJUST ENRICHMENT/QUANTUM MERUIT**
**AS AGAINST ALL DEFENDANTS**

67.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

68.     By virtue of the facts set forth above, Defendants have been unjustly enriched at the expense of Ballon Stoll.

69.     Defendants have improperly diverted and misappropriated revenue and other payments due to Ballon Stoll for themselves and thereby, they have been unjustly enriched.

70.     It is against equity and good conscience to permit Defendants to be enriched or to retain revenues and monies that are due to Ballon Stoll for the services provided by Ballon Stoll to the various clients including, but not limited to, the Cutler Referral clients.

71.     As a direct and/or proximate cause of Defendants' actions and inactions, Ballon Stoll has suffered, and will continue to suffer, damages for which Defendants are liable.

72.     As a result of Defendants' actions, Ballon Stoll has been damaged in an amount to be determined at trial but believed to be no less than $1,500,000.00.

WHEREFORE, Ballon Stoll respectfully demands judgment in its favor, against the Defendants, jointly and severally, for compensatory and consequential damages in an amount that is no less than $1,500,000.00, punitive damages, pre-judgment and post-judgment interest, attorney's fees and costs, and for such other further relief that is just and equitable.

### FOUTH CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### AS AGAINST ALL DEFENDANTS

73.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

74.     Defendants were aware of the duties and contractual obligations imposed upon Ballon Stoll and its shareholders under the agreements entered into between Ballon Stoll and its clients, which were valid and enforceable agreements.

75.     Defendants intentionally interfered with Ballon Stoll's proper performance of their duties, causing them to jeopardize the relationships maintained with the clients, along with any revenue received from those clients for work performed by Ballon Stoll.

11

76.     By knowingly and intentionally misappropriating and diverting funds owed from and/or paid by Cutler Referrals' clients for Ballon Stoll's services, Defendants knowingly interfered with Ballon Stoll's business relationships and economic advantages.

77.     As a direct and/or proximate cause of Defendants' actions and inactions, Ballon Stoll has suffered, and will continue to suffer, damages for which Defendants are liable.

78.     As a result of Defendants' tortious interference, Ballon Stoll has been damaged in an amount to be determined at trial.

WHEREFORE, Ballon Stoll respectfully demands judgment in its favor, against the Defendants, jointly and severally, for compensatory and consequential damages in an amount that is no less than $1,500,000.00, punitive damages, pre-judgment and post-judgment interest, attorney's fees and costs, and for such other further relief that is just and equitable.

### FIFTH CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### AS AGAINST DEFENDANTS DAVID S. CUTLER AND DAVID S. CUTLER, CPA, P.C.

79.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

80.     Defendants David and the Cutler Firm were aware of the duties and contractual obligations imposed upon Avi as a shareholder of Ballon Stoll under the agreements entered into between Avi and Ballon Stoll's shareholders, which were valid and enforceable agreements.

81.     Avi began his legal career at Ballon Stoll (and its predecessor firm BSBN) approximately 16 years ago as a clerk and eventually became a partner.

82.     David and the Cutler Firm intentionally and/or knowingly interfered with Ballon Stoll's relationship with Avi, and with Avi's performance of his duties by actively persuading and

facilitating Avi to leave Ballon Stoll, and with Avi's obligations and duties to Ballon Stoll by convincing Avi to misappropriate and redirect Ballon Stoll's revenues to the Defendants.

83.     David and the Cutler Firm intentionally and/or knowingly interfered with Ballon Stoll's relationship with the Cutler Referrals clients and with the revenues and monies which were and are due to Ballon Stoll for its legal services.

84.     Defendants David and the Cutler Firm intentionally and/or knowingly interfered with Ballon Stoll's existing and future business relationships causing damages for which Defendants are liable.

85.     As a result of David and the Cutler Firm's tortious interference, Ballon Stoll has been damaged in an amount to be determined at trial.

WHEREFORE, Ballon Stoll respectfully demands judgment in its favor, against defendants David and the Cutler Firm, jointly and severally, for compensatory and consequential damages in an amount that is no less than $1,500,000.00, punitive damages, pre-judgment and post-judgment interest, attorney's fees and costs, and for such other further relief that is just and equitable.

### SIXTH CAUSE OF ACTION
### ACCOUNTING AS AGAINST
### DEFENDANTS AVRAHAM Z. CUTLER AND CGW LAW

86.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

87.     Avi has a fiduciary relationship with Ballon Stoll and its shareholders.

88.     As set forth above, Avi breached his fiduciary duty by engaging in acts of dishonesty, mismanagement, self-dealing and other wrongful conduct disloyal to Ballon Stoll.

89.    Avi and CGW Law (with the Cutler Firm and David's assistance) have misappropriated and redirected Ballon Stoll's revenues to their bank accounts.

90.    Avi has failed and refused to provide an accounting of his billable hours, and the billable hours of those staff he was obligated to supervise.

91.    Avi has failed and refused to provide an accounting of monies Defendants have received from services provided by Ballon Stoll and its employees.

92.    Despite Ballon Stoll's repeated demands, Avi has refused and failed to account to Ballon Stoll for revenues that are due and should be paid to Ballon Stoll.

93.    Ballon Stoll demands a complete accounting and complete access to all documents, books and records, including bank statements.

WHEREFORE, Ballon Stoll respectfully demands a complete accounting from Avi and CGW Law relating to Ballon Stoll's services and amounts due to Ballon Stoll for legal services provided to Ballon Stoll clients, including but not limited to the Cutler Referral clients.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: New York, New York
     January 15, 2023

Respectfully,

SARMASTI PLLC
*Attorneys for Plaintiff*

By:_____
    Vafa Sarmasti, Esq.
    vafa@sarmastipllc.com
    810 Seventh Avenue
    Suite 405
    New York, New York 10019
    (T) 212-736-9119

## LOCAL CIVIL RULE 1.6 CERTIFICATION

I certify that the matter in controversy is not the subject matter of any other action pending

in any court or of any pending arbitration or administrative proceeding.


Dated:  New York, New York
        January 15, 2023

Respectfully,

SARMASTI PLLC
*Attorneys for Plaintiff*

By:_____
    Vafa Sarmasti, Esq.
    vafa@sarmastipllc.com
    810 Seventh Avenue
    Suite 405
    New York, New York 10019
    (T) 212-736-9119