UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BALLON STOLL P.C.,                                                                          Civil Action No.: 23-cv00366-ER

                              Plaintiff,

      -against-

AVRAHAM "AVI" Z. CUTLER; CUTLER, GORDON
AND WARGA, PLLC; and JOHN DOES 1 - 10, and
JANE DOES 1 – 10,

                              Defendants.
-------------------------------------------------------------------X
-------------------------------------------------------------------X
AVRAHAM "AVI" Z. CUTLER,

                              Counterclaim-Plaintiff,

      -against-

BALLON STOLL P.C., and VANO HAROUTUNIAN,

                              Counterclaim - Defendants.
-------------------------------------------------------------------X

**PROTECTIVE ORDER**

It appearing to the Court that discovery in the above-captioned action is likely to involve the disclosure of confidential, proprietary, or private and/or protected information such as attorney work product and attorney client communications, requiring special protection from public disclosure and from use for any purpose other than this litigation, it is hereby ORDERED as follows:

**1.      PURPOSE AND LIMITS OF THIS ORDER**

This Protective Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

The parties must comply with applicable Federal Rules of Civil Procedure and Local Civil Rules of this Court to file anything under seal.

If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

**2.    DEFINITIONS**

**2.1  Confidential Information**: Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

**2.2  Highly Confidential Information**: Any party to this litigation and any third-party shall have the right to designate, in good faith, as " Highly Confidential - Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which to anyone other than the individuals permitted hereunder, is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

**3.    DESIGNATING PROTECTED MATERIAL**

**3.1 Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (a "designator") must only designate specific material that qualifies under the appropriate standards. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm such as the invasion of individuals' privacy rights. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**3.2 Manner and Timing of Designations**. Designation under this Order requires the designator, and any party to this litigation or any third party who is covered by this Order who produces or discloses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, to mark each page that contains protected material with the applicable legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"). For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

       **3.2.1** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

       **3.2.2** Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

    **3.3 Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute

a designation of the information, document or thing as Confidential under this Order. However, nothing herein restricts the right of the receiving party to challenge the producing party's designation, if appropriate, within a reasonable time after receiving notice of the inadvertent or mistaken failure to designate.

**4.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

If counsel for a party receiving documents or information designated as Confidential or Highly Confidential - Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

**4.1**   Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 21 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Highly Confidential-Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

**4.2**   If a dispute as to a Confidential or Highly Confidential-Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rules, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

**5.      ACCESS TO DESIGNATED MATERIAL**

**5.1      Basic Principles.** A receiving party may use Confidential and Highly Confidential-Attorney's Eyes Only designated materials only for this litigation. Such designated material may be disclosed only to the categories of persons and under the conditions described in this Order; the parties are permitted to use a revised version of the Agreement To Be Bound (Exhibit A to this Order) to the extent the revised version is acceptable to the parties (hereinafter, "Exhibit A" or the "ATBB").

**5.2** **Disclosure of CONFIDENTIAL Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**5.2.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**5.2.2** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the ATBB;

**5.2.3** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the ATBB;

**5.2.4** The Court and its personnel;

**5.2.5** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the ATBB;

**5.2.6** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the ATBB;

**5.2.7** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and

**5.2.8** Established, well-known Discovery or eDiscovery vendors.

**5.3 Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

**5.3.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

**5.3.2** The Court and its personnel;

**5.3.3** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the ATBB;

**5.3.4** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and

**5.3.5** Established, well-known Discovery or eDiscovery vendors.

**5.4 Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material to In-House Counsel or Experts**. Unless agreed to in writing by the designator:

**5.4.1** A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.

**5.4.2** A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, and (4) identifies the expert's current employer(s).

**5.4.3** A party that makes a request and provides the information specified in paragraphs 5.4.1 or 5.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**6.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

**6.1  Subpoenas and Court Orders.** This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**6.2  Notification Requirement.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, that party must:

   **6.2.1**  Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

   **6.2.2**  Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

   **6.2.3**  Cooperate with all reasonable procedures sought by the designator whose material may be affected.

 **6.3** **Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**7.** <u>**UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**</u>

 If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the ATBB.

**8.** <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**</u>

 When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

**9.    FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material subject to this Order. A party seeking to file under seal any designated material must comply with applicable Local Civil Rule.

**10.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action including the exhaustion of all appeals and all related proceedings and request from designating party, the receiving party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.  To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

**11.    SURVIVAL OF ORDER**

This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

**IT IS SO ORDERED.**

Dated: January 14, 2025                                                              _____
                                                                                                           Edgardo Ramos, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BALLON STOLL P.C.,                                                                    **Civil Action No.: 23-cv-00366-ER**

                                              Plaintiff,

      -against-

AVRAHAM "AVI" Z. CUTLER; CUTLER, GORDON
AND WARGA, PLLC; and JOHN DOES 1 - 10, and
JANE DOES 1 – 10,

                                              Defendants.
-------------------------------------------------------------------X
-------------------------------------------------------------------X
AVRAHAM "AVI" Z. CUTLER,

                                          Counterclaim-Plaintiff,

      -against-

BALLON STOLL P.C., and VANO HAROUTUNIAN,

                                          Counterclaim - Defendants.
-------------------------------------------------------------------X

I, _____, being duly sworn, state that:

My address is _____.

My present employer is _____, and the address of my present employer is _____.

I declare under penalty of perjury that I have carefully read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of New York in the case of *Ballon Stoll P.C. v. Avraham "Avi" Z. Cutler, et al.,* Civil Action No. 2:23-cv-00366. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to comply could expose me to sanctions and punishment for contempt. I solemnly promise that I

9

will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____,
of _____ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date:    _____

City and State where sworn and signed: _____

Printed name: _____
        [Printed name]

Signature: _____
        [Signature]